UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MATTHEW HOTARD, ET AL.**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　**NO. 22-3399**

**UNITED PROPERTY &**　　　　　　　　　　　　**SECTION: D (5)**
**CASUALTY INSURANCE COMPANY**

## ORDER AND REASONS

Before the Court is a Motion for Leave to File First Amended Complaint filed by Plaintiffs Matthew Hotard and Tami Hotard ("Plaintiffs").[1] Plaintiffs seek to amend their Complaint to add Louisiana Insurance Guaranty Association ("LIGA") as an additional defendant in this matter. After considering the Motion, and for the reasons expressed below, the Motion for Leave is **GRANTED** and this matter is hereby **REMANDED** to the 24th Judicial District Court, Jefferson Parish, State of Louisiana for lack of subject matter jurisdiction.

### I.　　FACTUAL AND PROCEDURAL BACKGROUND

On August 9, 2022, Plaintiffs filed suit in the 24th Judicial District Court, Jefferson Parish, State of Louisiana against Defendant United Property and Casualty Insurance Company ("UPC"), seeking damages, penalties, and attorney's fees for UPC's alleged breach of contract and failure to adequately compensate Plaintiffs for property damages caused by Hurricane Ida.[2] On September 21, 2022, UPC removed the matter to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[3]

---

[1] R. Doc. 11.
[2] R. Doc. 1-2.
[3] R. Doc. 1 at ¶ 3.

On March 20, 2023, UPC filed a Motion to Enforce Stay and Notice of Liquidation and Statutory Stay, notifying the Court that UPC had been declared insolvent and ordered into liquidation by the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida on February 27, 2023 and requesting that this Court stay all proceedings pursuant to La. R.S. 22:2068(A).[4] The next day, March 21, 2023, the Court issued an Order granting the Motion, staying this matter until August 28, 2023.[5]

On September 22, 2023, Plaintiffs filed the instant Motion, seeking leave to file an amended complaint naming LIGA as an additional defendant.[6] In their proposed First Amended Complaint, Plaintiffs assert that LIGA is statutorily obliged to cover their claims against UPC pursuant to La. R.S. 22:2051, *et seq*.[7] According to Plaintiffs, LIGA is "a private nonprofit unincorporated legal entity domiciled in East Baton Rouge Parish, Louisiana."[8]

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs.[9] For diversity jurisdiction to exist, there must be complete diversity between the parties, meaning that all persons on one side of the controversy must be citizens of different states than all persons on the

---

[4] R. Doc. 9.
[5] R. Doc. 10.
[6] R. Doc. 11.
[7] R. Doc. 11-2 at p. 1.
[8] *Id.*
[9] 28 U.S.C. § 1332(a).

other side of the controversy.[10]  The Fifth Circuit has held that, for purposes of diversity jurisdiction, a natural person is a citizen of the state where he is domiciled.[11] In contrast, a corporation is a citizen of the state in which it was incorporated and the state of its principle place of business.[12]

Additionally, "federal courts examine jurisdictional facts as they exist at the time the case was filed."[13]  It is well settled that once jurisdiction is properly established, subsequent events will generally not divest the court of jurisdiction.[14] "However, addition of a nondiverse party will defeat jurisdiction."[15]  As explained by the Supreme Court, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."[16]  Further, "federal courts are duty-bound to examine their own jurisdiction and not proceed where it is apparent that jurisdiction does not exist."[17] In *Cobb v. Delta Exports, Inc.*, the Fifth Circuit concluded that "post-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, *even when the newly joined defendants are not indispensable.*"[18]

---

[10] *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)) (internal quotation marks omitted).
[11] *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).
[12] 28 U.S.C. § 1332(c).
[13] *Wiltz v. Advance America*, Civ. A. No. 10-3614, 2011 WL 5119060, at *2 (E.D. La. Oct. 26, 2011) (Barbier, J.) (citing *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004)).
[14] *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (citing authority).
[15] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) (citation omitted).
[16] *Rockwell Intern. Corp. v. U.S.*, 549 U.S. 457, 473–74 (2007) (citing authority).
[17] *Hager v. Thomas*, Civ. A. No. 2:18-cv-139, 2019 WL 132000643, at *1 (S.D. Miss. Apr. 9, 2019) (citing *Union Planters Bank Nat'l Ass'n v. Salih* 369 F.3d 457, 460 (5th Cir. 2004)).
[18] *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (emphasis added).

Pursuant to Fed. R. Civ. P. 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[19] "The court should freely give leave when justice so requires."[20] Nonetheless, leave to amend "is by no means automatic."[21] In exercising its discretion, this Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[22] "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[23] However, when an amendment after removal from state court would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[24] In such circumstances, the Court must consider additional factors to determine if the amendment should be permitted, including: (1) the extent to which joinder of the non-diverse party is sought to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for

---

[19] Fed. R. Civ. P. 15(a)(2).
[20] *Id.*
[21] *Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted).
[22] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).
[23] *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).
[24] 28 U.S.C. § 1447(e).

the amendment; (3) whether the plaintiff will be significantly injured if the requested amendment is not allowed; and (4) any other factor bearing on the equities.[25]

### III. ANALYSIS

The Court finds that there is no evidence before the Court to suggest that Plaintiffs seek leave to amend their Complaint to defeat federal jurisdiction or that Plaintiffs have been dilatory in seeking the amendment.[26]  Instead, the Court finds that Plaintiffs' amendment is necessary to obtain relief in light of UPC's insolvency and LIGA's position as statutory successor to UPC.[27]  The Court further finds that the *Hensgens* factors weigh in favor of allowing the amendment.  Accordingly, the Court grants the Motion and allows Plaintiffs leave to file their First Amended Complaint.

The filing of the First Amended Complaint into the record, however, divests this Court of diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.  Simply put, the addition of LIGA destroys the complete diversity of the parties in this matter. Plaintiffs are citizens of Louisiana.[28]  LIGA is an unincorporated association of Louisiana insurers;[29] unincorporated associations take the citizenship of each of their constituent members.[30]  Although Plaintiffs do not clearly or sufficiently state the citizenship of LIGA's constituent members, this Court has previously explained that

---

[25] *Armour v. Hobart Corp.*, Civ. A. No. 97-3830, 1998 WL 886995, at *1 (E.D. La. Dec. 18, 1998) (Clement, J.).
[26] This matter was stayed pursuant to La. R.S. 22:2068(A) until August 28, 2023.
[27] R. Doc. 11-2 at pp. 1–2.
[28] R. Doc. 1-2 at ¶¶ 1–2.
[29] R. Doc. 11-2 at p. 1.
[30] *See Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991) ("LIGA has the citizenship for diversity purposes of each of its constituent member insurers.").

LIGA is a Louisiana citizen because one or more of its constituent insurer members is a citizen of Louisiana.[31] Accordingly, because complete diversity no longer exists between the parties, Plaintiffs' claims must be remanded to the 24th Judicial District Court, Jefferson Parish, State of Louisiana for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(e).

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion for Leave to File First Amended Complaint[32] is **GRANTED**. The Clerk's Office is directed to file the First Amended Complaint into the record in this matter.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against the Defendant are **REMANDED** to the 24th Judicial District Court, Jefferson Parish, State of Louisiana for further proceedings.

New Orleans, Louisiana, September 25, 2023.

*[signature: Wendy B Vitter]*
**WENDY B. VITTER**
**United States District Judge**

---

[31] *See, e.g.*, *Triche v. United Prop. & Cas. Ins. Co.*, No. CV 22-1809, 2023 WL 5950453, at *3 (E.D. La. Sept. 13, 2023) (Vitter, J.); *Brunet v. S. Fid. Ins. Co.*, No. CV 21-2308, 2023 WL 4541114, at *4 (E.D. La. July 14, 2023) (Vitter, J.); *Soza v. S. Fid. Ins. Co.*, No. CV 22-1400, 2023 WL 2770125, at *5 (E.D. La. Apr. 4, 2023).
[32] R. Doc. 11.